UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:

                                                 Chapter 11

CAIRNS & ASSOCIATES, INC.                     Case No. 05 B 10220 (BRL)

                         Debtor.

------------------------------------------------------------X

CAIRNS & ASSOCIATES, INC.,

                         Plaintiff

       -against-                         Adv. Pro. No. 05-1486

CONOPCO, INC.

                         Defendants.

------------------------------------------------------------X

### Extract of Bench Ruling Denying Motion to
### Amend Complaint  and Motion for Judgment on the Pleadings

Cairns & Associates, Inc. ("Cairns") is a public relations and marketing agency that filed a

chapter 11 petition before this court on  January 13, 2005, following the loss of several of its biggest

customers and the restraint of its bank accounts by Wells Fargo Financial Leasing, Inc. on account of

unpaid pre-petition lease payments.

On May 2, 2005, Cairns commenced this adversary proceeding against Conopco, Inc., also

known as Unilever, a consumer products company, primarily seeking to recover payment for time

allegedly spent in connection with planning public relations campaigns for three brands sold by Unilever.

On June 21, 2005 Unilever filed an answer and counterclaims.  Pursuant to a stipulation, Cairns filed an

Amended Complaint on August 9, 2005 and on August 19, 2005, Unilever filed and answer to the

amended complaint and counterclaims.  In November 2005, this Court referred the matter to

mediation.  After five months of unsuccessful mediation, this Court ordered the parties to proceed to

discovery which was ultimately ordered to be completed by September 1, 2006.  A trial date was

scheduled for September 18, 2006.  In July, Cairns sought to retain special counsel to litigate the

adversary proceeding - its third law firm.  The Court noted that as the Debtor had been through a

number of law firms, it would allow it to retain new counsel provided that it would not change the

discovery or trial schedule.

On August 11, 2006, Unilever filed a motion for judgment on the pleadings pursuant to Rule

12(c) of the Federal Rules of Civil Procedure (the "Rules").   On August 23, 2006, Cairns filed an

objection to the motion and a cross-motion to once again amend the complaint, now more than a year

after the prior amendment.

**Motion to Amend the Complaint**

Generally, amendments to pleadings should be freely allowed when the interests of justice

would be served. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied because of undue

delay, prejudice to the non-moving party, bad faith or futility of amendment.  *Foman v. Davis,* 371

U.S. 178, 182 (1962); *see also, Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.

1990)( leave to amend may be denied where motion is made after inordinate delay, no satisfactory

explanation is offered for the delay, and the amendment would prejudice the defendant);  *Ronzani v.*

*Sanofi, S.A.,* 899 F.2d 195, 198 (2d Cir.1990) (Courts should grant leave to amend a complaint

unless amendment would be futile or another valid ground for denial exists*);  S.S. Silberblatt, Inc. v.*

2

*East Harlem Pilot Block-Building 1 Housing Development Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979) ("if the [movant] has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay, or bad faith or unless permission to amend would unduly prejudice the opposing party"). *See also Grochowski v. Phoenix Const.,* 318 F.3d 80, 86 (2d Cir. 2003) (Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b) that the Court's scheduling order "shall not be modified except upon a showing of good cause.)  One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action.  *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998).

The burden is on the party seeking to amend to provide satisfactory explanation for the delay. *Creswell v. Sullivan & Cromwell,* 922 F.2d at 71. *See also Parker v. Columbia Pictures Industries,*  204 F.3d 326, 340 (2d 2000) (A finding of good cause depends on the diligence of the moving party.)

Cairns has failed to demonstrate any justification for its delay.  The discovery cut-off in this case is Friday - three days from today.  The trial is scheduled to begin in less than 3 weeks.

 Upon its request to retain additional counsel, Cairns represented to this court it would not result in delay.  Yet that is precisely what the motion to amend the complaint seeks to accomplish.  *See Weeks v. New York*, 273 F3d 76, 88 (2d Cir 2001) (Court has discretion to consider its own interests in systematic trial preparation and an orderly trial and to deny the motion to amend).

3

Additionally, the proposed second amended complaint vastly expands the time frame, the alleged agreements, conduct and products covered by the first amended complaint and doubles or triples the damages sought by the original amended complaint.  Allowing Cairns in essence to commence a whole new action at this late date would be highly prejudicial to Unilever and the motion borders on bad faith.

Accordingly, the Motion to Amend the Complaint is denied.

**Motion for Judgment of the Pleadings**

Rule 12(c) provides in relevant part that **"After the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings. "** As with Cairn's motion to amend, I find this motion untimely and disruptive of the extant discovery and trial schedules.

Moreover, in deciding a Rule 12(c) motion, the court must apply the same standard as is applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Ziemba v. Wezner,* 366 F.3d 161, 163 (2d Cir.2004).  Accordingly, a complaint should not be dismissed under Rule 12(c) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  In other words, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  "Few complaints fail to meet this liberal standard, and given the basic precept that a case should be tried on the proof rather than the technical

4

deficiencies of the pleadings, motions to dismiss pursuant to 12(b)(6) are regarded with great disfavor and are rarely granted." *Artco, Inc. v. Kidde, Inc.* 1989 WL 140284, *2 -4 (S.D.N.Y. 1989).  In this case it has not been shown beyond doubt that the plaintiff can prove no set of facts in support of its claims that would justify granting the relief.

**Conclusion**

Accordingly both Unilever's motion and Cairns' motion are denied.  The trial will commence at 10:00 am on September 18, 2006.  A joint pre-trial order should be submitted to the court on or before September 11.

IT IS SO ORDERED.


Dated:  New York, New York
        August 29, 2006

                                        /s/ Burton R. Lifland
                                        United States Bankruptcy Judge